FILED
SUPERIOR COURT
OF GUAM

2019 JUN 14 PM 3: 17

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| EDWARD AHN KIM, | |
|---|---|
| Plaintiff, | Domestic Case No. DM0376-16 |
| vs. | **DECISION AND ORDER** |
| MIN SUN CHA, | |
| Defendant. | |

## INTRODUCTION

The Supreme Court of Guam has ordered this Court to consider whether default judgment was properly entered in this case under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Convention"). This matter is before the Honorable Michael J. Bordallo. Plaintiff Edward Ahn Kim ("Kim") is represented by Daniel S. Somerfleck, Esq. of Somerfleck & Associates, PLLC. Defendant Min Sun Cha ("Cha") is represented by Gloria L. Rudolph, Esq. of Lujan & Wolff, LLP. After having received and reviewed the papers, arguments, and the file herein, the Court hereby finds that default judgment was properly entered under the Convention.

## BACKGROUND

This matter arises out of Kim's Complaint for Divorce ("Complaint") filed July 18, 2016. Cha failed to respond to the Complaint after numerous attempts at service of process, including publication, and a year after the Complaint, on July 25, 2017, the Court entered both an Interlocutory Default Judgment of Divorce and a Final Decree of Divorce ("Final Decree"). That same day, July 25, 2017, the Court granted to Kim sole legal and physical custody, *pendente lite*, of the parties' minor child, A.C.K. (DOB: 09/24/14) ("Minor"). Cha was ordered to immediately return Minor from South Korea to Guam to be placed in Kim's care. Eight months later, on March 28, 2018, Cha through counsel finally made her first appearance in the case and moved the Court to set aside the entry of default judgment and the Final Decree on the basis of various arguments related to inadequate service of process. The Court issued a Decision and Order ("Decision and Order") on June 28, 2018 denying this motion. On July 13, 2018, Defendant appealed the Decision and Order to the Supreme Court of Guam. On April 26, 2019, the Supreme Court of Guam issued a Limited Remand Order, ordering this Court to consider Kim's claim that default judgment was properly entered under the Convention. On April 30, 2019, the Court ordered the parties to brief the issue of whether default judgment was proper under the Convention. Both parties filed briefs on May 20, 2019.

## FACTS

1. The parties were married in Seoul, Korea on October 14, 2012, and separated on June 11, 2016, after three years and seven months of marriage. Compl. for Divorce, 1, 2 (July 25, 2017).

2. They have one child, a boy, now four years old. *Id.* at 2.

3. On April 29, 2016, Cha and Minor traveled to Korea. *Id.*

4. Kim believed this trip to be a six-week visit, but Cha and Minor never returned to Guam. Kim stated that the parties' date of separation was June 11, 2016, apparently on or about the day they were supposed to return but did not. Ex Parte Mot. For Order to Show Cause Re: Pendente Lite Custody Orders (Mar. 8, 2017).

5. Cha and Minor still have not yet returned to Guam in spite of court orders to Cha to return Minor to Kim on Guam. *See* Order After Hearing (Jul. 25, 2017).

6. The divorce was finalized and the final decree issued with no opposition or communication from Cha in spite of multiple attempts at service, including publication. Declaration of Publication (Sep. 14, 2016); Final Decree of Divorce (Jul. 25, 2017).

7. Eight months after the final divorce decree, on March 28, 2018, Cha made a first appearance in the case in which she moved the Court to set aside the divorce decree due to inadequate service of process. Mem. in Supp. of Def.'s Mot. to Set Aside Entry of Default J. Under Rules 60(b) and 55(c) And to Vacate Warrants (Mar. 28, 2018).

8. On June 28, 2018, the Court issued a Decision and Order denying Cha's Motion to Set Aside Entry of Default. Cha filed an appeal of that decision to the Supreme Court of Guam. Notice of Appeal (Jul. 13, 2018).

9. On January 22, 2019, this Court granted Cha's Motion for Stay Pending Appeal.

10. On April 26, 2019, the Supreme Court of Guam issued a Limited Remand Order, ordering this Court to consider Kim's claim that default judgment was properly entered under the Convention.

**ISSUE**

1. Whether default judgment was properly entered under the Convention.

**PRINCIPLES OF LAW**

a. *Effectuating service through the Convention.*

Guam Rule of Civil Procedure 4(f) states the following, in relevant part:

Unless otherwise provided by federal or Guam law, service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in a place not within Guam or any other jurisdiction of the United States, its territories, commonwealths, or possessions:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

Article 10 of the Convention provides the following: "Provided the State of destination does not object, the present Convention shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad." Hague Service Convention, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, Art. 10(a) (hereinafter cited as "Hague Convention"). South Korea objects to Article 10 of the Convention which allows for service by mail. *See* Rep. of Korea Declarations and Reservations, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=408&disp=resdn (last visited June 12, 2019).

When service by mail is not available, the Convention provides that service may be effectuated through a two-step process. First, the party attempting service must request service from the foreign state's "Central Authority," an entity designated by the foreign state that is responsible for effecting service in that state. Hague Convention, Art. 3. Second, the Central Authority must effect service in the foreign state "by a method prescribed by [that state's] internal law." *Id.* Art. 5(a)–(b). The Convention does not itself describe the standard for determining legal sufficiency of

Page **4** of **10**

delivery of service of process; thus, internal law of the forum state controls. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 108 (1988).

    b.   *Default judgment under the Convention.*

The Convention limits the circumstances in which a default judgment may be entered against a defendant who had to be served abroad and did not appear; those provisions also provide some means for relief from such a judgment. Hague Convention, Art. 15, 16; *see also Volkswagenwerk,* 486 U.S. 694.

Article 15 of the Convention contains two methods by which default judgment may be entered. The first method provides that, in the situation where a summons must be transmitted abroad under the Convention, and the defendant has not appeared, default judgment shall not be given until it is established that either: (1) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory; or (2) the document was actually delivered to the defendant or to his residence by another method provided for by the Convention. Hague Convention, Art. 15. Further, a court shall not render default judgment unless service or the delivery was effected in sufficient time to enable the defendant to defend. *Id.*

The second part of Article 15 provides that a judge may give judgment even if no certificate of service or delivery has been received, if all of the following conditions are fulfilled: (1) the document was transmitted by one of the methods provided for in the Convention; (2) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document; and (3) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed. *Id.*

# ANALYSIS

a. *Plaintiff adhered to the requirements for service of process under the Hague Convention.*

Cha argues that the default judgment is void as a matter of law because Kim failed to satisfy the requirements of the Convention in effectuating service of process on Cha. Defendant's Brief at 2 (May 20, 2019). The Court disagrees.

Because South Korea has objected to Article 10 of the Convention which allows for service by mail, Kim could only satisfy the requirements of the Convention by attempting service through the Korean Central Authorities. Kim states that he initiated the first of two service attempts through the Korean Central Authority on October 14, 2016. Plaintiff's Brief at 2 (May 20, 2019). Kim further states that on January 17, 2017, he received notification of non-service after several attempts from the Central Authority. *Id.* Kim claims that he then initiated a second attempt for service with the Central Authority on February 3, 2017, and this was also unsuccessful. *Id.*

Kim has provided the Court with several documents to support his assertion that he attempted to effectuate service via the Korean Central Authority. The documents have been translated by Court Registered Interpreter/Translator Haewon Aevermann. Decl. of Somerfleck (May 20, 2019). The documents are attached to the Declaration of Attorney Daniel Somerfleck, but have not been numbered. The documents, in chronological order, are as follows:

1. An undated document which gives information about the attempted mail delivery of an unspecified mailing. The document lists the sender as the Seoul Family Court and the recipient as Cha. The document states that the mailing was received by the Seoul Family Court Administrative Court Office at November 29, 2016. The document traces the process by which the mailing was delivered to Cha, including two delivery attempts which were

unsuccessful due to the recipient's door being closed. The last entry in the delivery log is from December 6, 2016, and states, "Delivered (Returned)."

2. Post-Paid Mail Receipt which lists three separate charges. The sender is listed as the Seoul Family Court and the date received is listed as November 29, 2016.

3. An undated document titled Mail Service Notice, which states that the "date of mailing" was November 29, 2016. The document lists the "documents to be served" as "Judicial Cooperation (Official documents and Attached documents)." The document further lists the sender as "Soo, Yeon, Kim, Mater of Seoul Family Court." The recipient listed is Cha.

4. Certificate from the Seoul Family Court, dated December 21, 2016, which states that "the document has not been served, by reason of the following facts: Unavailability of recipient." The Certificate states that "[t]he undersigned authority has the honour to certify, in conformity with article 6 of the Convention."

5. An undated document titled Mail Service Notice, which states that the "date of mailing" was March 14, 2017. The document lists the "documents to be served" as "Judicial Cooperation (Official documents and Attached documents)." The document further lists the sender as "Soo Ok Park (Court Clerk), Mater of Seoul Family Court" and the recipient as Cha.

6. A document titled Notification of the Reason for Service ("the Notification"), dated April 15, 2017, which states that attempts to serve Cha were made on March 10, 2017, and March 15, 2017, but no one responded at the residence. The Notification further states that service was again attempted on April 15, 2017, and the following reason is provided for non-delivery on that date:

> "Manager at the address (Guk Chul, Jeong, male in the late 60s) said the recipient lived in the address. So I visited the address. But, the current resident (female, in late 30s) said the recipient did not reside at the address

while closing the door. I asked again, but she said she did not know. So, it was impossible to serve the document."

7. Written Answer from the Seoul Family Court, dated May 2, 2017, which states that "[t]he delivery documents entrusted to this court were not delivered due to non-delivery of the attached certificates."

8. Certificate from the Seoul Family Court, dated May 2, 2017, which states that "the document has not been served, by reason of the following facts: Unknown recipient."

None of the documentation provided by Kim constitutes definitive evidence that the necessary documents were transmitted to an entity which is designated as the Korean Central Authority. The documents provided by Kim also fail to confirm his allegations regarding the specific dates upon which he initiated his service attempts with the Central Authority. Notwithstanding these failures, the Court finds that the documentation provides sufficient evidence to demonstrate that Kim satisfied the Convention's requirements for service of a party living in South Korea. The documentation demonstrates that the Seoul Family Court made several attempts to serve Cha, but were unable to do so. The Written Answer, dated May 2, 2017, was sent from the Seoul Family Court and addressed to "International Affair Officer, the Office of the Court Administration." Further, the Certificate of non-service from the Seoul Family Court, dated December 21, 2016, states that the Seoul Family Court "has the honour to certify, in conformity with article 6 of the Convention."

Based on the documents provided, the Court infers that Kim initiated an attempt of service with the Korean Central Authority, who then forwarded the request to the Seoul Family Court in order to effectuate service through means provided by South Korean law. This is proper pursuant to Article 5 of the Convention, which states that "[t]he Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency." The Seoul

Family Court was then unable to effectuate service, and therefore provided Kim with a Certificate of non-service as required by Article 6 of the Convention. ("If the document has not been served, the certificate shall set out the reasons which have prevented service.")

    b. *Default judgment was appropriate under the Convention.*

Article 15 of the Convention contains two methods by which default judgment may be entered. The first of these methods requires that either (1) the receiving party be served by a method prescribed by the internal law of the recipient's state, or (2) the document was actually delivered to the defendant by another method provided for by the Convention. Because the Seoul Family Court has provided Kim with a Certificate which explicitly states that Cha was not served, the first prong of this method has not been met. Further, while it is undisputed that the summons was actually delivered to Cha, the record does not demonstrate that such deliverance was made pursuant to any method provided for by the Convention. For these reasons, the Court finds that the first method of finding default judgment under Article 15 is inapplicable.

The second method for finding default judgment pursuant to Article 15 applies in instances where there is no certificate of service. In such instances, the Convention provides that the Court can enter default judgment if the following conditions are met: (1) the document was transmitted by one of the methods provided for in this Convention, (2) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document, and (3) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed. Hague Convention, Article 15.

In this case, it is evident that the first two conditions have been met. As previously stated, the Court has found that the Summons was transmitted to the South Korean Central Authority as

provided by the Convention, and such transmission occurred over six months prior to the entry of default. As for the third condition, the Court finds that the two certificates of non-service provided by the Seoul Family Court suffice to meet the condition that "no certificate of any kind has been received." Neither Article 15 nor Article 16 explicitly provide for default judgment in the case where a Central Authority returns a certificate of non-service, but the Court finds that it would be unreasonable to find that the Convention allows for default judgment in instances where a Central Authority ignores a request, but not in instances where a Central Authority is unable to effectuate service. For this reason, the Court finds that default judgment is proper under the Convention in a case such as this, where Kim has complied with the Convention and nonetheless been unable to effectuate service.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that default judgment was properly entered under the Convention.

SO ORDERED, this __14__ day of __June__ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:
SOMERVUCK
LIVIAN
Date: 6/14/19 Time: 4pm
_____
Deputy Clerk, Superior Court of Guam